JOSEPH GROTZ *et al.*, Plaintiffs-Appellees, *v.* GEORGE V. JERUTIS, Defendant-Appellant.

(No. 57274; ■■■■■■)

First District (4th Division)—July 11, 1973.

544

Gorman and Drugas, of Chicago, (Robert J. Gorman, of counsel,) for appellant.

Klein, Thorpe, Kasson and Jenkins, of Chicago, (Robert F. Peck, of counsel,) for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiffs, Joseph Grotz, Anna Grotz and Margaret Strieder, brought an action for $17,000 loaned to defendant, George Jerutis, on an oral promise to repay. After a bench trial, judgment was entered in favor of the plaintiffs in the amount of $17,000 plus 6 per cent interest from the date of execution of the instruments. On appeal defendant contends:

    1.  Oral evidence is not admissible to vary the terms of the note; and

    2.  The evidence did not establish an oral promise to personally repay the loan.

The facts are as follows:

On April 12, 1966, plaintiffs lent defendant $7,000, evidenced by a bank money order payable to "George V. Jerutis", and endorsed by "George V. Jerutis". Defendant introduced into evidence a note dated April 11, 1966, signed by "George V. Jerutis, V. President, Region Invest. Prop. Developers Inc.", promising to pay defendants $7,000. On October 6, 1966, plaintiffs lent defendant $10,000, evidenced by a bank money order payable to "George V. Jerutis" and endorsed by "George V. Jerutis". Defendant introduced into evidence a note dated October 5, 1966, signed by "George V. Jerutis, Ex. V. President Region Invest. Property Developers Inc.". Defendant testified that he told plaintiffs that they were lending the money to the corporation and he also testified that all the corporate books and records were destroyed. Plaintiffs, Joseph Grotz and Margaret L. Strieder, testified that defendant told them to make out the

checks to him personally. Plaintiffs further testified that they thought and were led to believe that the money was lent to defendant personally.

Defendant's first contention on appeal was that oral evidence was not admissible to vary the terms of the note. This action was not on the note, but on defendant's oral promise to repay money which he had borrowed. Defendant contends that the corporate promissory note is a complete defense to plaintiffs' action.

■■ Section 3—403 (3) of the Commercial Code provides:

"Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." Ill. Rev. Stat. 19, ch. 2, par. 3—403 (3).

This section does not expressly exempt the authorized agent who signs in a representative capacity naming his principal from personal liability. There is nothing in the record to show that defendant was authorized to borrow money in the corporation's behalf.

There is no presumption that a transaction was reduced to a single document and therefore if plaintiffs do not disclose such a document as a part of their case, defendant must produce the document and demonstrate that the document covers the precise transaction in issue before the parol evidence rule may be invoked. (Wigmore on Evidence, section 2447 (3d ed.).) There is nothing in the Illinois statute above about parol evidence. The evidence introduced by plaintiffs showed that the two checks were made out to the defendant personally and that the defendant personally cashed the checks. Defendant testified that the corporate records were destroyed and therefore he was unable to show that the corporation authorized him to borrow the money and that the money was used for corporate purposes. Plaintiffs Strieder and Joseph Grotz testified that they considered the loan a personal loan to the defendant and that they met the defendant many times at the Grotz's home.

■■ The trial court correctly allowed parol evidence to be introduced because the note was not a complete integration of the loan agreement. The parol evidence was properly admissible to show the intention of the parties.

■■ Defendant's second contention on appeal was that the evidence did not establish an oral promise to personally repay the loan. Plaintiffs, Joseph Grotz and Margaret Strieder testified that they considered the loans to be personal loans to the defendant and that the defendant led them to believe that he was personally borrowing the money. The two checks were made out to the defendant personally and the defendant personally cashed the checks. The corporate records were destroyed and no testimony of a corporate employee was introduced to corroborate defend-

ant's testimony that the money was used for corporate purposes. The evidence supports the trial court's determination that defendant made an oral promise to personally repay the loan.

For the above reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.